| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>------------------------------------------------------------------------- X<br><br>SCOTT R. VINGELIS,<br><br>                                      Plaintiff,<br><br>         -against-<br><br>MID-WAY EAST CORPORATION, doing business as Trumpets, TRUMPETS LLC, HELEN FEHR, each in their individual capacities,<br><br>                                   Defendants.<br>------------------------------------------------------------------------- X | For Online Publication Only<br><br><br><br>**ORDER**<br>15-CV-1390 (JMA)(GRB)<br><br>**FILED**<br>**CLERK**<br><br>9/15/2016 4:49 pm<br><br>**U.S. DISTRICT COURT**<br>**EASTERN DISTRICT OF NEW YORK**<br>**LONG ISLAND OFFICE** |

      Defendants Mid-Way East Corporation, Trumpets, LLC, and Helen Fehr have moved to dismiss plaintiff Scott Vingelis's complaint, in which he alleges claims for disability discrimination in violation of the Americans with Disabilities Act and New York State Human Rights Law. I assume that the parties are familiar with the allegations in the complaint, the legal standard for a motion to dismiss, and the relevant legal standards under the ADA and state law. For the following reasons, defendants' motion is denied in part and granted in part.

## A. Whether Plaintiff Has Sufficiently Alleged "Disability"

      First, defendants argue that plaintiff's claims must be dismissed because he has failed to allege that he was a person with a disability, within the meaning of the relevant statutes. Defendants contend that the allegations regarding plaintiff's stroke demonstrate that he suffered a temporary impairment, with only temporary symptoms. Defendants also argue that to the extent plaintiff alleges he suffered blurred vision in one eye as a result of his stroke, plaintiff has failed to allege that this was a physical impairment that substantially limits a major life activity.

      I find that plaintiff has alleged sufficient facts to plausibly state he was a person with a disability.

1

Plaintiff alleges that he had a major stroke, during which he struggled with certain, daily activities. Moreover, he alleges that he had surgery for the heart condition underlying his stroke and still has blurred vision. At the motion to dismiss stage, these allegations are sufficient. Plaintiff has cited several cases in which courts held that the plaintiff plausibly alleged disability based on a stroke and its resulting symptoms even though such symptoms were not necessarily permanent. Because I agree with the courts' reasoning in these cases, I am denying defendants' motion to dismiss.

**B. Whether Plaintiff Has Sufficiently Alleged That He Was Qualified**

Second, defendants argue that plaintiff has failed to allege that he could perform the essential functions of the job, with or without a reasonable accommodation. Defendants further argue that a leave of absence does not constitute a reasonable accommodation here.

I find that plaintiff has alleged sufficient facts to plausibly state he was qualified to perform the essential functions of his job as a chef, with a reasonable accommodation in the form of a leave of absence.

I disagree with defendants' argument that, as a matter of law, a leave of absence cannot constitute a reasonable accommodation under these circumstances. In support of their argument, defendants cite to several cases containing the general proposition that an individual who cannot come to work is not qualified for his position. However, several of defendants' cases, including Micari v. Trans World Airlines, Inc., specifically acknowledge that under the ADA, a medical leave of absence can be an appropriate accommodation. 43 F. Supp. 2d 275, 281 (E.D.N.Y. 1999). Moreover, in Graves v. Finch Pruyn & Co., the Second Circuit explicitly noted that it has not had the opportunity to rule on whether a finite, unpaid leave of absence is a reasonable accommodation. 457 F.3d 181, 185 n.5 (2d Cir. 2006). The court in Graves also noted that most other Circuits and

2

the Equal Employment Opportunity Commission have concluded that a leave of absence can constitute a reasonable accommodation under certain circumstances. Id. Defendants' cases are otherwise distinguishable. In several of defendants' cases, the plaintiff never requested leave as an accommodation. In other cases, the plaintiff requested leave after an already lengthy absence or the plaintiff requested an indefinite leave of absence.

Of course, whether a leave of absence could constitute a reasonable accommodation in this case will ultimately depend in part on the employer's circumstances. However, this fact-intensive determination is inappropriate to resolve on a motion to dismiss and is better suited for summary judgment. Therefore, defendants' motion is denied.

## C. Whether Plaintiff's Aider and Abettor Claim Is Barred

Finally, defendants argue that the Court must dismiss plaintiff's claim against defendant Fehr for aiding and abetting discrimination in violation of the New York State Human Rights Law. According to defendants, plaintiff's claim fails as a matter of law because, as an individual defendant, Fehr cannot aid and abet her own conduct. I agree and grant defendants' motion to dismiss the aiding and abetting claim on this ground.

Under New York Executive Law § 296, there are several provisions providing for individual liability. Plaintiff has attempted to assert a claim against Fehr, in her professional and individual capacity, based on aiding and abetting liability under § 296(6). Plaintiff has alleged that Fehr is the CEO of the corporate defendants and is responsible for all personnel decisions, including firing and hiring.

I agree with those cases, cited by defendants, in which courts have held that an individual defendant—who is the only defendant alleged to have participated in the discriminatory conduct— cannot be held to have aided or abetted her own actions. See, e.g., Reid v. Ingerman Smith LLP,

876 F. Supp. 2d 176, 186–87 (E.D.N.Y. 2012). Courts in the Second Circuit have found that, under an aiding and abetting theory, non-supervisor individuals can be liable even when they actually participated in the conduct giving rise to a discrimination claim. See, e.g., Maher v. All. Mortgage Banking Corp., 650 F. Supp. 2d 249, 262 (E.D.N.Y. 2009). However, defendant Fehr is a supervisor. Because defendant Fehr is a supervisor with the power to terminate plaintiff—and who did in fact terminate plaintiff—plaintiff cannot state an aiding and abetting claim against her. See Reid 876 F. Supp. 2d at 187 n.9. Therefore, defendants' motion to dismiss defendant Fehr is granted.

### D. **Leave to Amend**

Plaintiff has sought leave to amend his complaint. I am denying plaintiff's request to amend his claim against defendant Fehr based on aiding and abetting liability under New York Executive Law § 296(6). As I have already explained, an individual with supervisory authority cannot aid and abet her own conduct. Here, plaintiff has specifically alleged that Fehr made personnel decisions, including the decision to fire plaintiff. Therefore, any amendment to plaintiff's aiding and abetting claim would be futile.

Defendants point out that plaintiff has already amended his complaint once and ask that I deny plaintiff further leave to amend. However, I will grant plaintiff a final opportunity to amend the complaint to state a claim against defendant Fehr individually. If plaintiff intends to amend the complaint, he must file it within one week.

### E. **Conclusion**

In conclusion, the motion to dismiss plaintiff's claims against the two corporate defendants is denied. The motion to dismiss plaintiff's claims against defendant Fehr is granted, but plaintiff will have a final opportunity to amend the complaint, by September 22, 2016.

The Court encourages the parties to contact the Court if they would like to pursue mediation of plaintiff's claims or a settlement conference.

Dated: September 15, 2016
Central Islip, New York                              _____/s/ (JMA)_____
                                                     JOAN M. AZRACK
                                                     UNITED STATES DISTRICT JUDGE